UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS REGTER,<br><br>    Plaintiff,<br><br>    v.<br><br>STRYKER CORPORATION, STRYKER SALES CORPORATION, and DOES 1-100,<br><br>    Defendants. | CASE NO. 8:13-cv-00014-R-SS<br><br>**ORDER GRANTING MOTION BY STRYKER CORPORATION AND STRYKER SALES CORPORATION AND DISMISSING PLAINTIFF'S ACTION WITH PREJUDICE**<br><br>Date:  May 6, 2013<br>Time:  10:00 a.m.<br>Place: Courtroom 8 |

### OPINION AND ORDER

Before the Court is the defendants' motion, under Rule 12(b)(6), to dismiss the First Amended Complaint on the grounds that all claims for relief alleged therein are barred by the applicable statute of limitations. For the reasons set forth below, the Court GRANTS the motion without leave to amend and DISMISSES plaintiff's action WITH PREJUDICE.

Defendants Stryker Corporation and Stryker Sales Corporation ( collectively "Stryker") moved to dismiss the First Amended Complaint by plaintiff Nicholas Regter ("plaintiff") on the grounds that his action is time barred under the applicable California two-year statute of limitations. This Court finds that, by the

1 application of the statute of limitations and the California "Discovery Rule"
2 ("Rule"), plaintiff's claims are untimely, as the two-year statute of limitations had
3 expired prior to the filing of his original Complaint.

4 **I.     PERTINENT FACTS AND PROCEDURAL HISTORY**

5 Plaintiff originally filed this action on November 30, 2012 in Orange
6 County Superior Court, asserting causes of action for Strict Products Liability
7 and Negligence, which are proposed to arise from surgery performed on Mr.
8 Regter's right shoulder on January 5, 2007.  Stryker first received notice of this
9 action on December 7, 2012 and timely removed the action, given the complete
10 diversity of citizenship between the parties.

11 Plaintiff's claims herein are premised on the allegation that, during the
12 subject surgery, his physician prescribed and placed a pain pump, as manufactured
13 by Stryker, to provide a continuous flow of medication to the operative site, which
14 then resulted in damage to his shoulder cartilage. All damages and losses are
15 alleged to arise from use of that product during plaintiff's surgery in January of
16 2007.  Plaintiff further admits that he first discovered his injury on or about June
17 15, 2010 when he was diagnosed with advanced degeneration of the glenohumeral
18 joint, which is alleged to be a condition consistent with chondrolysis. [Complaint, ¶
19 10; First Amended Complaint, ¶¶ 21 & 25].

20 To the extent the discovery rule applies here, and as discussed further below,
21 the limitations period began to run when plaintiff discovered his injury – as
22 admitted in both the original and first amended complaints – and it expired on June
23 15, 2012, well before the filing of this action.

24 In an attempt to evade application and bar of the two-year statute of
25 limitations, plaintiff argues that: 1) he did not discovery his injury until January
26 2012; and 2) the June 2010 date referenced in prior complaints was an unfortunate
27 typographical error.  This Court, however, finds plaintiff's arguments unpersuasive
28

and the First Amended Complaint is dismissed with prejudice for the reasons discussed below.

## II.    LEGAL STANDARD AND DISCUSSION

A motion to dismiss should be granted if, taking the well-pleaded facts in the Complaint to be true, the Complaint does not state a claim for relief that is plausible on its face. Federal Rule of Civil Procedure 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pursuant to Rule 12(b)(6), a Complaint is properly dismissed on the grounds that it is barred by the applicable statute of limitations, as the running of the statute is apparent on the face of the Complaint. *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).

The statute of limitations under California law applicable to the personal injury claims asserted by plaintiffs for Strict Product Liability and Negligence is two years. *California Code of Civil Procedure* §§ 335. Here, plaintiff alleges personal injuries directly resulting from the use of a product in the course of surgery which occurred in January 2007, almost six years before this action was filed on November 30, 2012. It is clear, in this case, that unless the statute of limitations is tolled, plaintiff's claims fail because all alleged wrongful conduct occurred in 2007.

In an effort to avoid the statute of limitations, plaintiff submits that the discovery rule applies to his claims. To enjoy the benefit of the discovery rule and toll the statute limitations, plaintiff bears the initial burden of pleading facts demonstrating (1) the first time the injury was discovered, and (2) the inability to have discovered the injury before that time despite reasonable diligence. *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1134 (C.D. Cal. 2010).

When supported by sufficient allegations, this Rule tolls accrual of a cause of action until plaintiff either became aware of the injury and its negligent cause, or could have discovered such matters through reasonable diligence. *Jolly v. Eli Lilly*

*& Co.* 44 Cal.3d 1103, 1109 (1988). The limitations period is triggered, when plaintiff **suspects or should suspect** that his injury was caused by wrongdoing or that someone has done something wrong to him. *Id.* at 1109–1111. To invoke this Rule, it is absolutely required that plaintiff plead **specific facts**, as to his earlier lack of knowledge or lack of means of obtaining that knowledge, the time and manner of discovery, <u>and</u> the inability to have made an earlier discovery despite reasonable diligence. *Id. at* 808; *Migliori v. Boeing North American, Inc.* 114 F.Supp.2d 976, 982 (C.D. Cal. 2000).

Here, in plaintiff's initial Complaint and the First Amended Complaint, plaintiff states that he was specifically told by his physician of his injury on June 15, 2010. For the first time in Opposition to the present motion, plaintiff claims he did not discover his injury until January 2012, and that the June 2010 date referenced in prior Complaints was an "unfortunate typographical error." [Opposition, p. 5, fn 1]. Despite the plaintiff's argument that the error in his Complaint was typographical, the Court must accept plaintiff's factual assertions in the pleadings as admissions conclusively binding on him. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224 (9th Cir. 1988).

As a result, accepting the well-pleaded factual allegations contained in the First Amended Complaint as true, it is inescapable that the plaintiff discovered his injury on June 15, 2010. Further, though plaintiff provides declarations and records relating to a medical examination in January 2012, in which plaintiff contends he first discovered his injury, that evidence does not negate plaintiff's prior admission. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224 (9th Cir. 1988).

Similarly, there is no evidence to demonstrate the inclusion of the June 15, 2010 date in both the original and amended complaint was a mere typographical error. Plaintiff's claim is not supported by any declaration of counsel or any other

evidence.  Further, the lone reference to this purported error is buried in a footnote in the introduction of the Opposition and there is no explanation within the body of the Opposition explaining how or why this typo was made, let alone how it occurred multiple times.  To the contrary, the fact plaintiff included this specific date in both the original and first amended complaint belies that very argument.  This Court finds that, taking June 15, 2010 to be the latest date plaintiff was put on inquiry notice of his claim, the Complaint must be dismissed, as the statute of limitations expired prior to the filing of this action.

Additionally, plaintiff's Complaint also fails to state specific facts demonstrating that between June 15, 2010 and February 15, 2012, plaintiff could not have discovered his injury or its wrongful cause despite his reasonable diligence.  See *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103 (1988).  As such, plaintiff has failed to meet his burden of pleading sufficient facts to invoke the application of the discovery rule.

For these reasons, plaintiff's First Amended Complaint is properly dismissed.  Furthermore, as there are no additional facts that plaintiff could allege to cure the noted deficiencies in his Complaint (or First Amended Complaint) to overcome his prior judicial admission, the Court grants Stryker's motion to dismiss without leave to amend.

Accordingly, Stryker's Motion to Dismiss the First Amended Complaint is **GRANTED** with prejudice.

**IT IS SO ORDERED**.

Dated:  May 21, 2013          UNITED STATES DISTRICT JUDGE

_____
The Honorable Manuel L. Real